TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Christopher Scartozzi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Scartozzi, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Berks & Lewis Litigation Group, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Christopher Scartozzi (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Berks & Lewis Litigation Group, LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Ehrenberg, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Ontario, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly

2

collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. In January of 2016, Defendant left a message on Plaintiff's father's answering machine stating that it was calling for Plaintiff and referenced a case number.

12. Plaintiff called Defendant regarding the message and during the conversation that ensued, Defendant misrepresented that it was pursuing legal action against Plaintiff.

13. Defendant stated to Plaintiff, "We are taking you to court on Monday and you are on the docket. We will have your wages garnished."

14. Fearful of Defendant's misrepresentation, Plaintiff asked if he could make payments towards the alleged debt.

15. Defendant responded with another misrepresentation, stating that if Plaintiff elected to make partial payments over time, the total paid would exceed $2000.00 (on an original debt of approximately $800.00).

16. In order to forego that undesirable result and under the pretense of protecting Plaintiff's financial interests, Defendant magnanimously offered to settle the alleged debt for $745.00 provided that Plaintiff pay in a lump sum.

17. Again fearful of Defendant's superior position, Plaintiff agreed to the settlement offer and paid Defendant $50.00 as a good faith down payment towards the agreed upon amount.

18. Defendant stated that the remainder of $695.00 was due by February 26, 2016.

19. Plaintiff authorized Defendant to electronically transfer $50.00 from his bank account and provided Defendant with the necessary information to effectuate that transfer.

20. On February 26, 2016, Defendant, without Plaintiff's authorization, initiated an electronic fund transfer from Plaintiff's account in the amount of $695.00.

21. When Plaintiff called Defendant to complain, Defendant misrepresented that it had Plaintiff's authorization to transfer the $695.00.

4

22. At no time did Plaintiff authorize Defendant to transfer these funds from his account.

23. Defendant's actions caused Plaintiff to suffer actual monetary damages, and caused Plaintiff to suffer a significant amount of stress, anxiety, confusion and frustration.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

26. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

27. Defendant communicated with a person other than Plaintiff, Plaintiff's attorney, or a consumer-reporting agency regarding Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692c(b).

28. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

29. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

30. Defendant, without intending to take such action, represented and/or implied that nonpayment of the alleged debt would result in garnishment of Plaintiff's wages or attachment of Plaintiff's property, in violation of 15 U.S.C. § 1692e(4).

31. Defendant threatened to take action that could not be legally taken or that Defendant did not intend to take, in violation of 15 U.S.C. § 1692e(5).

32. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

33. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

34. Defendant collected an amount from Plaintiff that was unauthorized by agreement or law, in violation of 15 U.S.C. § 1692f(1).

35. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

## COUNT II

## VIOLATIONS OF EFTA, 15 U.S.C. § 1693 et seq.

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff maintained an "account" as that term is defined in 15 U.S C. § 1693a(2).

38. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1693a(6).

39. The EFTA regulates "electronic fund transfers" ("EFT") which are ". . . any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." 12 CFR 205.3(b)(1).

40. Defendant caused an electronic funds transfer to occur without having authorization to do so in violation of 12 CFR 205.10.

41. Defendant, by debiting Plaintiff's bank account without Plaintiff's actual authorization engaged in an "unauthorized electronic fund transfer" as defined by 15 U.S.C. § 1693a(12).

42. Plaintiff was harmed and is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

D. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1693m(a)(2);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. § 1693m(a)(3);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  May 26, 2016                             TRINETTE G. KENT

By:   */s/   Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Christopher Scartozzi